1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   ED DAIE,

10                    Plaintiff,                         No. C 16-02205 WHA

11      v.

12   INTEL CORPORATION, THE REED              **ORDER RE MOTION TO**
     GROUP, LTD., CLAIM APPEAL                **DISMISS AND MOTION TO**
13   FIDUCIARY SERVICES, INC., and            **TRANSFER VENUE**
     DOES 1–50,
14

15                    Defendants.
                                         /
16

17                              **INTRODUCTION**

18          In this action for intentional infliction of emotional distress arising out of the

19   administration of a disability plan governed by the Employee Retirement Income Security Act

20   of 1974, defendants move to dismiss on preemption grounds.  Defendants alternatively move to

21   dismiss for improper venue or to transfer the action to the District of Arizona.  For the reasons

22   stated below, defendants' motion to transfer is **GRANTED**.  The motion to dismiss will be for the

23   District of Arizona to decide.

24                              **STATEMENT**

25          Our plaintiff Ed Daie, a former employee of defendant Intel Corporation and a resident

26   of Arizona, brings claims for intentional infliction of emotional distress arising out of the

27   administration of the Intel Corporation Long Term Disability Plan (the "Plan").  Daie worked

28   for Intel for twenty-seven years and worked the final seven years of his career working at home

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

1  in Arizona as a server memory technology director.  Daie applied for long-term benefits from

2  the Plan after taking an unpaid leave of absence from his position.

3      At all relevant times, Intel self-funded the Plan pursuant to the Employment Retirement

4  Income Security Act of 1974.  Intel delegated all claims administration and discretionary

5  authority to The Reed Group, Ltd., and Claim Appeals Fiduciary Services, Inc. (so all agree

6  there is no conflict of interest in the administration of Daie's claims).

7      Reed was and remains a Colorado corporation with its headquarters in Colorado.  CAFS

8  was and remains a Colorado corporation with its headquarters in Georgia.  Neither Reed nor

9  CAFS performed any claims administration in California.  Their only contacts with California

10  arguably relating to this action were their respective contractual relationships with the Plan,

11  which had been formed in California, and their communications with Daie's counsel (Onada

12  Decl. ¶¶ 3–4; Zimon Decl. ¶¶ 2–4).

13      The complaint alleges that throughout the process of determining Daie's claim for long-

14  term disability benefits under the Plan, Reed and CAFS, as claims administrators for the Plan,

15  engaged in outrageous intentional conduct with the aim of forcing Daie to drop his claim for

16  benefits.  The alleged conduct included *inter alia*, accusing Daie of lying about his disability,

17  intentionally misstating his physicians' statements, and pressuring him to undergo medical

18  examinations without considering their results.  In this action, Daie asserts a claim for

19  intentional infliction of emotional distress (Compl. ¶¶ 30–31, 32–38).

20          *                    *                    *

21      The procedural history of Daie's disputes relating to the Plan and the administration

22  thereof is bizarre.

23      In July 2015, Daie filed an action for intentional infliction of emotional distress in San

24  Francisco Superior Court against our defendants as well as Aetna Life Insurance Company,

25  which is not a party to this action.  The defendants removed the action to federal court here in

26  San Francisco, where it was assigned to the undersigned judge (Case No. 15-3813).

27      Defendants contended that removal was proper because Daie's claims were completely

28  preempted by ERISA.  Daie moved to remand the action, and defendants moved to dismiss the

United States District Court

For the Northern District of California

1  action for improper venue.  Defendants also moved to transfer the action to the District of

2  Arizona.  In November 2015, an order held that ERISA did not completely preempt Daie's

3  claims, so defendants' removal was improper.  That order remanded Daie's IIED action to state

4  court.

5    One week later, Daie filed an action in federal court in San Francisco for the recovery of

6  benefits under ERISA, naming Intel, Reed, CAFS, and the Plan as defendants (Case No. 15-

7  5255).  The new action was related to Daie's first IIED action and reassigned to the

8  undersigned.  Defendants again moved to transfer to the District of Arizona.  On February 18,

9  2016, an order denied the motion to transfer, inasmuch as the case would be decided based on

10  the administrative record, so a transfer would have wasted judicial resources.

11    On February 22, 2016, the San Francisco Superior Court dismissed Daie's IIED action

12  for *forum non conveniens*, holding that "the balance of private and public interests tipp[ed]

13  decidedly in favor of [Arizona]" (Dkt. No. 14-1).  Notwithstanding the state court decision

14  holding that his IIED claim belonged in Arizona, Daie commenced the instant action here in

15  federal court in San Francisco in April 2016, asserting nearly identical IIED claims.  The action

16  was related to Daie's earlier actions and reassigned to the undersigned.

17    Defendants now move to dismiss for improper venue or to transfer it to the District of

18  Arizona.  Defendants concurrently move to dismiss on the theory that Daie's claims are subject

19  to conflict preemption under ERISA.  This order follows full briefing and oral argument.  Oral

20  argument on the parties' cross–motions for summary judgment in Daie's action for the recovery

21  of benefits occurred on the same day as oral argument on the instant motions.  An order granted

22  summary judgment for the defendants in that action the same day as this order.[1]

23  **ANALYSIS**

24    Defendants move to dismiss the action for improper venue under Rule 12(b)(3).

25  Pursuant to Section 1391(b) of Title 28 of the United States Code, venue is proper in:

26

27    [1] ERISA preempts state law in two distinct ways.  Defendants do *not* seek to revive their theory,
already rejected, that Daie's claim is completely preempted by ERISA pursuant to ERISA Section 504(a).

28  Rather, they contend that his claim is preempted because it "relates to" an ERISA plan pursuant to ERISA
Section 514(a).  *See also Ingersoll-Rand Co. v. McClendon*, 498 U. S. 133, 139, 141 (1990).

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

If venue is improper, "the case must be dismissed or transferred under" Section 1406(a) of Title 28 of the United States Code. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. ___, 134 S. Ct. 568, 577 (2013). When evaluating a motion to dismiss for improper venue, a court may consider facts outside the pleadings. *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).[2]

Daie contends that venue in this district is proper because a substantial part of the events giving rise to his claim occurred here. Daie is incorrect, as now discussed.

Daie avers that the "primary defendant, Intel Corporation" is headquartered in Santa Clara and that it issued his employment contract and subscribed him to the Plan from that location. He also notes that Intel drafted the ERISA plan in-house in Santa Clara and that it self-funds the Plan. Thus, he argues, a substantial part of the conduct giving rise to his claims occurred in California.

Daie's argument that Intel is the "primary defendant" is unsupported. Intel's role in this action is as the entity that contracted with the alleged direct tortfeasors — Reed and CAFS. Far from being a "primary" defendant Intel appears to be little more than a nominal defendant.

It is ironic that Daie relies so heavily on conduct related to the Plan in seeking to establish venue in his opposition to defendants' motion to dismiss for improper venue because in his opposition to defendants' concurrently-filed motion to dismiss on preemption grounds he strenuously seeks to distance the basis for his claim from the Plan. Indeed, he *must* distance his

---

[2] Notably, "the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (quoting 28 U.S.C. 1441(a)). Thus, venue was proper (though perhaps not convenient) as to Daie's first IIED action.

United States District Court

For the Northern District of California

1    claim from the Plan because if "the court's inquiry must be directed to the plan" to adjudicate

2    Daie's claim, the claim is preempted by ERISA.  *Ingersoll-Rand*, 498 U.S. at 140.  Thus, while

3    this order declines to opine on whether Daie has alleged any conduct that can survive ERISA

4    preemption, reserving that issue for the transferee court, it rejects Daie's arguments that the

5    formation of the Plan and its administrative structure constituted any part of his claims.

6         Daie's tort claim may only survive preemption to the extent it "does not depend on or

7    derive from his claim in any meaningful way."  *Dishman v. UNUM Life Ins. Co. of Am.*, 269

8    F.3d 974, 983 (9th Cir. 2001).  To the extent he has alleged *any* such conduct, its impact was

9    undisputedly felt by Daie in Arizona.  No relevant conduct occurred in California.  Thus,

10   because a substantial part of the allegations that give rise to Daie's claim occurred in Arizona,

11   and none occurred in California, venue is improper in the Northern District of California.

12        Rather than dismiss this action entirely, requiring the parties to start from scratch a third

13   time, however, this order transfers the action to the District of Arizona.[3]

### CONCLUSION

15        For the reasons stated above, this action is hereby **TRANSFERRED** to the District of

16   Arizona.  This order does not address defendants' motion to dismiss, which should be re-

17   noticed for the transferee court.  The Clerk shall please **CLOSE THE FILE**.

19        **IT IS SO ORDERED.**

21   Dated:  August 10, 2016.

                                        WILLIAM ALSUP
                                        UNITED STATES DISTRICT JUDGE

---

[3]  The conclusion herein is not at odds with the order denying the motion to transfer Daie's action for
the recovery of benefits.  *First*, venue *was* proper in that case, inasmuch as ERISA's venue provision authorizes
suit, *inter alia*, "where a defendant resides or may be found."  29 U.S.C. 1132(e)(2).  *Second*, Daie's claim for
the recovery of benefits relied entirely on the administrative record, so a transfer would have been of minimal
benefit.